*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-339

JANUARY TERM, 2011

| | |
|---|---|
| Albert J. Gionet | APPEALED FROM: |
| v. | Superior Court, Rutland Unit<br>Civil Division |
| Dartmouth Medical Center, Dr. William<br>Rosen & Dr. Rosen's Assistant Nurse/<br>Nurse Practitioner | DOCKET NO. 135-2-09 Rdcv |

Trial Judge: William Cohen

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the court's order granting summary judgment to defendants in this medical malpractice case. He argues that the court erred in requiring him to provide expert testimony to support his claim. We affirm the trial court's judgment.

Plaintiff filed a medical malpractice complaint against defendants in February 2009. Plaintiff alleged that Dr. William Rosen failed to determine if his eyelid was bleeding following eye surgery. According to plaintiff, a nurse observed some bleeding, and told defendant it would be okay. She put a compression patch on plaintiff's eye and taped a thick gauze pad over his eyelid. Several hours later, plaintiff saw that the patch was soaked with blood. He tried to staunch the bleeding, to no avail. Plaintiff called an ambulance and was treated at the hospital. The doctors there cauterized several areas on his eyelid.

Defendants requested that plaintiff disclose his expert witnesses, and in January 2010, the court gave plaintiff thirty days to respond to defendants' request. Plaintiff did not disclose any expert medical witness. Defendants subsequently moved for summary judgment, and in a May 2010 order, the court granted their request. The court found as follows. In February 2006, Dr. Rosen performed eyelid surgery on plaintiff to drain a cyst. Plaintiff was discharged from the hospital without complications. Later that day, plaintiff's eye began bleeding and he sought treatment. Plaintiff described his bleeding as life-threatening, and he alleged that Dr. Rosen committed medical malpractice by failing to provide proper care following his eye surgery. As noted above, plaintiff provided no expert testimony to support this claim.

The court explained that to sustain his medical malpractice claim, plaintiff needed to establish: the applicable standard of care; that defendants breached this standard; and that, as a proximate result, he suffered injuries that would not otherwise have been incurred. 12 V.S.A. § 1908(1)-(3). The standard of care and causation elements ordinarily must be proved by expert testimony, Wilkins v. Lamoille Cty. Mental Health Srvs., Inc., 2005 VT 121, ¶ 16, 179 Vt. 107, although an exception exists in cases "[w]here a professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it." Estate of Fleming v. Nicholson, 168 Vt. 495, 497-98 (1998). In this case, the court found that the alleged violation of the standard of care for post-surgery eyelid treatment was not so apparent that it could be understood by a lay trier of fact without the aid of an

expert. Because plaintiff failed to provide any expert testimony, the court concluded that defendants were entitled to judgment as a matter of law. Plaintiff filed a motion for reconsideration, which was denied, and this appeal followed.

Plaintiff argues that the alleged violation of the standard of care was so apparent that it could be understood by a lay trier of fact. He maintains that it is a matter of common sense that a medical professional must not allow a patient to leave the hospital until all bleeding has been stopped.

We review the court's decision de novo, using the same standard as the trial court. Field v. Costa, 2008 VT 75, ¶ 14, 184 Vt. 230. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). Summary judgment was properly granted to defendants here.

To sustain his claim, plaintiff needed to prove: (1) the degree of care ordinarily exercised by a reasonably skillful, careful, and prudent health care professional engaged in a similar practice under the same or similar circumstances; (2) that the defendant failed to exercise this degree of care; and (3) that as a proximate cause of the failure to exercise this degree of care, plaintiff suffered injuries that would not otherwise have been incurred. 12 V.S.A. § 1908(1)-(3). As the trial court recognized, medical malpractice cases ordinarily require expert testimony to establish the applicable standard of care and to demonstrate proximate cause. Wilkins, 2005 VT 121, ¶ 16.

Notwithstanding plaintiff's assertion to the contrary, we agree with the trial court that this case is sufficiently complicated so as to necessitate expert testimony on both of these elements. Defendants' position, supported by an affidavit by Dr. Rosen, was that the care provided to plaintiff met the standard of care for the surgery in question. Dr. Rosen stated that some patients experienced oozing following surgery, including those such as plaintiff who were taking Aspirin or other anti-inflammatory drugs. Dr. Rosen explained that plaintiff had been advised prior to the surgery that there was a risk of bleeding. The appropriate treatment under the circumstances was to provide a pressure pad and to advise the patient to call the hospital if the bleeding intensified or if other problems developed. This procedure was followed here. Plaintiff argues, in contrast, that it is medical negligence to release a patient who is experiencing any bleeding. A lay person cannot resolve this dispute, and this is not a case where "a professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it." Nicholson, 168 Vt. at 497-98. Expert testimony was required, and plaintiff's failure to produce such evidence was fatal to his claim. We thus conclude that summary judgment was appropriately granted to defendants.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

2